## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHONG SU YI,

    Plaintiff,

    v.

SOCIAL SECURITY ADMINISTRATION
and MS. IRAHETA,

    Defendants.

Civil Action No. TDC-14-0370

## MEMORANDUM OPINION

Plaintiff Chong Su Yi brings this action against the Social Security Administration (the "SSA"), alleging that the SSA impermissibly denied his Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits. *See* ECF No. 1. The SSA now moves to dismiss for lack of subject matter jurisdiction on the grounds that Yi has not exhausted his administrative remedies as to the denial of those benefits and that Yi does not raise a collateral constitutional claim such as to waive the exhaustion requirement. *See* ECF No. 7. The Court has reviewed the submitted materials, and no hearing is necessary to resolve the issues. *See* Local Rule 106.5 (D. Md. 2014). For the reasons that follow, the Motion is GRANTED, and the case is DISMISSED.

## BACKGROUND

Yi applied for SSI and SSDI benefits on June 7, 2010, alleging that he had been disabled since January 2, 1998. Defs.' Mem. Supp. Mot. Dismiss Lack Subject Matter Jurisdiction ("Defs.' Mem.") Ex. 1 at 4, ECF No. 7-2. Although both SSI and SSDI benefits aid individuals with disabilities, they differ in the type of program they establish and their scope. SSI is a

disability benefit provided to indigent persons under Title XVI of the Social Security Act (the "Act").[1]  *See* 42 U.S.C. § 1382(a) (2012).  Specifically, Title XVI provides SSI benefits "to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988).  SSDI is an insurance benefit provided under Title II of the Act to individuals who suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D) (2012).  Title II "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Bowen*, 485 U.S. at 75.  Given that Title II awards benefits irrespective of financial need, and that Title XVI awards benefits irrespective of whether the claimant is insured, it is possible that a claimant can receive benefits under both programs at the same time.

Disability Determination Services ("DDS")[2] denied Yi's SSI and SSDI claims.  Defs.' Mem. Ex. 1 at 4.  DDS notified Yi that his SSI claim was denied on July 30, 2010; upon reconsideration, DDS again denied his SSI claim on January 28, 2011.  *Id.*  Because it did not send Yi notice that his SSDI claim had been denied, DDS did not review his SSDI claim at the reconsideration level.  *Id.*  Nevertheless, Yi requested a hearing on both claims.  *Id.*  On November 23, 2011, an administrative law judge ("ALJ") issued a favorable decision on Yi's SSI claim and determined that he had been disabled since September 18, 2009.  *Id.*  The ALJ

---

[1] The Act defines "disability" as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (Title II); *accord* § 1382c(a)(3)(A) (Title XVI).

[2] DDS is a state agency authorized by the SSA to make the initial determination of disability. *See* 20 C.F.R. § 404.1503 (2015); Harvey L. McCormick, 1 Soc. Sec. Claims & Procs. § 1:8 (6th ed. 2014).  As discussed in further detail below, individuals who are unsatisfied with the determination of a disability claim may request reconsideration of the claim by a different decisionmaker not connected with the original determination. *See* 20 C.F.R. § 404.915(a).

determined, however, that she did not have jurisdiction to review his SSDI claim because it had not been reviewed at the reconsideration level. *Id.*

On November 18, 2013, the SSA sent Yi a letter directing him to attend a meeting on November 25, 2013 to review his continuing eligibility for SSI. *See* Defs.' Mem. Ex. 2, at 1, ECF No. 7-3. The letter warned Yi that the failure to respond or to attend the meeting would jeopardize his SSI benefits:

> [The SSA] may stop your SSI if you don't respond to this request or contact us within 30 days to tell us why. . . . Before we stop your SSI, we will send you another letter to explain our decision. The letter will also explain your right to appeal the decision and how to continue getting SSI during the appeal.

*Id.* at 2. Yi denies having received the notice. Compl. at 4, ECF No. 1.

Yi alleges that on January 31, 2014, he received a letter from the SSA, notifying him that his SSI benefits would be cancelled beginning February 1, 2014. Compl. at 3; *see also* Defs.' Mem. Ex. 3, at 1, ECF No. 7-4. In explaining to Yi why the SSA cancelled his SSI benefits, the letter stated:

> We notified you that in order to be eligible for Supplemental Security Income payments you must apply for, and take all necessary steps to obtain, any other benefits or payments for which you may qualify. Since you have not taken the necessary action, you do not meet this requirement of the law for February 2014 on.

Defs.' Mem. Ex. 3, at 1. The letter also provided Yi with instructions on how to appeal the decision by requesting reconsideration within 60 days. *See id.* at 2–3. Unable to locate the reconsideration materials online, Yi called the SSA. Compl. at 3–4. An agent at the SSA told Yi about the letter directing him to attend the continuing eligibility meeting and instructed Yi to file a reconsideration form at his local SSA office. *Id.* at 4. He filed suit in this Court on February 7, 2014.

On March 14, 2014, the SSA sent a letter notifying Yi that he was eligible to receive $480.67 in "continuing" monthly SSI payments effective February 1, 2014, because he had "taken the necessary steps to obtain" the benefits for which he qualified. *See* Defs.' Mem. Ex. 4, at 1, ECF No. 7-5. The letter also indicated that Yi would receive $961.34 in back payments ($480.67 for each of February and March 2014). *Id.* at 2. On June 19, 2014, the SSA filed its Motion to Dismiss, to which Yi failed to respond.

## DISCUSSION

**I.      Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A defendant can challenge subject matter jurisdiction under Rule 12(b)(1) in one of two ways: he may either assert (1) a facial challenge that the allegations pled in the complaint are not to sufficient to establish subject matter jurisdiction; or (2) a factual challenge that the allegations establishing jurisdiction are not true. *Kerns*, 585 F.3d at 192. Although the SSA does not state whether it is asserting a facial or factual challenge, the Court will construe its Motion as asserting a factual challenge to whether Yi has exhausted administrative remedies as required to establish subject matter jurisdiction. Accordingly, the Court may go beyond the pleadings and consider the documents submitted by the SSA with its Motion in making its determination. *See id.*; *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The Motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

4

## II.   Exhaustion of Administrative Remedies

In the Social Security context, Congress has explicitly stated that the general federal question jurisdiction statute, 28 U.S.C. § 1331, does not establish subject matter jurisdiction for an action challenging a decision of the Commissioner of Social Security, 42 U.S.C. § 405(h), and instead has allowed such jurisdiction only after the Commissioner has rendered a final decision on an SSI or SSDI entitlement determination:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .

42 U.S.C. § 405(g) (Title II); *accord* 42 U.S.C. § 1383(c)(3) (Title XVI).  Thus, plaintiffs must exhaust all administrative remedies before bringing a claim in federal court.  *Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975) (stating that a final decision is "central to the requisite grant of subject-matter jurisdiction"); *Heckler v. Ringer,* 466 U.S. 602, 617 (1984) (holding that § 405(g) is the only avenue for judicial review and that exhaustion of remedies is a prerequisite to jurisdiction); *Hopewell Nursing Home, Inc. v. Heckler*, 784 F.2d 554, 557 (4th Cir. 1986) ("Plaintiffs must seek all possible administrative appeals provided by Congress.").

A final decision by the Commissioner is reached after a four-step administrative review process established by the SSA.  20 C.F.R. § 404.900(a)(5) (2015) (Title II); 20 C.F.R. § 416.1400(a)(5) (Title XVI).  At the first step, an initial determination is made about a claimant's entitlement to benefits.  § 404.900(a)(1) (Title II); § 416.1400(a)(1) (Title XVI).  If the claimant is not satisfied with the initial determination, he may pursue the second step and ask for reconsideration.  § 404.900(a)(2) (Title II); § 416.1400(a)(2) (Title XVI).  The third step involves a hearing before an ALJ to review the decision.  § 404.900(a)(3) (Title II); § 416.1400(a)(3) (Title XVI).  Fourth and finally, the claimant may request a review before the

Appeals Council.  § 404.900(a)(4) (Title II); § 416.1400(a)(4) (Title XVI).  "Once the claimant has exhausted these administrative remedies, he may seek review in federal district court." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *see also Weinberger*, 422 U.S. at 763–64 (noting that a final decision is a requirement for judicial review).

The SSA argues that there is no dispute that Yi did not complete the administrative process for either his SSI or SSDI claims prior to filing suit in this Court. *See* Defs.' Mem. at 5, ECF No. 7-1.  Indeed, the record indicates that Yi failed to exhaust his administrative remedies on these claims before filing suit.  Yi expressly seeks review of the January 2014 decision to cancel his SSI benefits for failing to attend the meeting about his continuing eligibility, *see, e.g.*, Compl. at 9, 15, and makes fleeting references to the denial of his SSDI application, *see, e.g.*, *id.* at 4, but it appears that the SSA never reached a final decision on either claim.  Although Yi alleges that he attempted to pursue reconsideration of the cancellation, neither the Complaint nor the materials submitted by the SSA establish that he succeeded in doing so or that he sought a hearing before an ALJ or review by the Appeals Council.  Rather, Yi filed this action within six days of receiving notice that his SSI benefits would be cancelled and shortly after talking to an SSA representative over the phone.  *See* Compl. at 3.  In fact, since the Complaint was filed, SSA has apparently reinstated his SSI benefits.[3]  *See* Defs.' Mot. Ex. 4 at 1.

Likewise, Yi did not exhaust administrative remedies on his SSDI application.  The evidence presented by SSA establishes that his SSDI application never advanced past an initial determination.  *See* Defs.' Mem. Ex. 1, at 4 (explaining that a prior ALJ denied reviewing Yi's SSDI application "based on lack of jurisdiction, as no reconsideration determination had been issued").  The facts in the Complaint concerning his SSDI application are unclear but do not

---

[3] To the extent that it can be definitively established that Yi's SSI's benefits were reinstated, that aspect of his Complaint would be moot.

provide any indication that Yi has exhausted all four steps of the administrative review process. *See, e.g.*, Compl. at 4 ("[B]ecause ruling on Disability; i.e. Social Security Disability Insurance; herein Disability or SSDI; never finalized as of January 2014."). Thus, the Court finds that Yi did not exhaust his administrative remedies and thus that there is no subject matter jurisdiction over either his SSI or SSDI claims.

The exhaustion requirement arguably could have been waived if Yi had raised a colorable constitutional claim. The federal regulations concerning the administrative review of SSI and SSDI claims establish an expedited appeal process by which a plaintiff can bring a claim in federal court directly after receiving an initial determination:

> At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved.

§ 404.900(a)(6) (Title II); *accord* § 416.1400(a)(6) (Title XVI). The constitutional claim, however, must be entirely collateral to the substantive claim for benefits, such as claims challenging the system-wide failure to follow applicable regulations or claims seeking to invalidate a rule used to determine eligibility for benefits. *Bowen v. City of New York*, 476 U.S. 467, 483–84 (1986); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993); *Bailey v. Sullivan*, 885 F.2d 52, 65 (3d Cir. 1989). The Complaint in this case contains no such claims. Although Yi references constitutional principles like "due process," "probable cause," and the "Eleventh Amendment," his aim is not to challenge any part of the Act as unconstitutional on those grounds, but to use those principles in an effort to regain his benefits. *See, e.g.*, Compl. at 9 ("SSA denied Plaintiff SSI and violated due process of the law when it denied SSI"); *id.* at 15 ("In order to discontinue [SSI and SSDI ,] there must be probable cause . . . ."). Because Yi's

7

claim throughout has been to seek recovery of his benefits, his repeated references to constitutional principles do not establish a collateral claim. *See Bowen*, 476 U.S. at 483; *Johnson*, 2 F.3d at 921 ("A plaintiff's claim is collateral if it is not essentially a claim for benefits."). He therefore cannot make use of the expedited appeal process and had to exhaust his administrative remedies before filing suit in this Court.

## CONCLUSION

For the foregoing reasons, the SSA's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 7, is GRANTED, and this case is DISMISSED without prejudice. A separate Order follows.

Date: January 14, 2015

THEODORE D. CHUANG
United States District Judge